UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) <br> ) <br> ) |
| v. | ) Criminal No. 18-CR-10464-PBS <br> ) |
| JOSEPH CENTOLA, <br> Defendant. | ) <br> ) <br> ) |

GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this sentencing memorandum in this escape case. Pursuant to a previously filed plea agreement, the government recommends one year of probation, the first eight months to be served on home detention, followed by three years of supervised release, and a $100 special assessment.

The imposition of a probationary sentence with home detention is fair and reasonable, and would adequately meet the sentencing objectives outlined in 18 U.S.C. §3553(a). The defendant is currently on supervised release pursuant to a prior conviction in 09-cr-10138-RGS, and the government respectfully request that the defendant be subject to the same terms of supervised release in this case.

**Procedural Background/U.S.S.G. Calculations**

On March 13, 2019, the defendant pled guilty to the one-count information charging him with Escape, in violation of 18 U.S.C. §751(a). *See* PSR ¶ 2. He faces a statutory maximum sentence of 5 years of imprisonment on this conviction. *See* PSR ¶ 111. United States Probation has determined that the defendant's base offense level ("BOL") is 13, pursuant to U.S.S.G. § 2P1.1(a)(1). *See* PSR ¶ 16. Under U.S.S.G. § 2P1.1(b)(3), he receives a 4 level reduction, because, he escaped from the non-secure custody of a community corrections center

1

and did not return voluntarily. *See* PSR ¶ 17. After a two point reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), the defendant's total offense level ("TOL") is 7. *See* PSR ¶¶ 23-24. Per the PSR, the defendant has a criminal history score of 14 which establishes a criminal history category ("CHC") of VI. *See* PSR ¶¶ 41-43. With a TOL of 7 and a CHC of VI, the defendant's advisory guideline sentencing range ("GSR") is 15-21 months. *See* PSR ¶ 112.

### Nature and Circumstances of the Offense

The government asserts that an analysis of the factors enumerated in 18 U.S.C. § 3553(a) leads to the conclusion that probation with eight months of home confinement satisfies the interests of justice. On November 28, 2017, the defendant was transferred to the Coolidge House Residential Re-Entry Center ("RRC") to serve the balance of his 84-month federal sentence in a bank robbery case. *See* PSR ¶¶ 9, 40. The defendant's projected release date at the time was May 9, 2018. *See* PSR ¶ 9. On January 23, 2018, while in the custody of the Attorney General of the United States serving that sentence, the defendant packed up all of his belongings and left the RRC, never to return. PSR ¶ 10, 88. On March 8, 2018, the United States Marshals apprehended the defendant in New Hampshire and returned him to federal custody where he remained until May 8, 2018. PSR ¶ 86. Following his release from federal custody, he reported for supervised release, which remains on-going. On August 8, 2018, when reporting for his supervised release, the defendant learned of the outstanding criminal complaint for this escape case. He had his initial appearance that same day and was released on the same conditions of release as 19-cr-10138-RGS.

### History and Characteristics of the Defendant

This 37-year-old defendant has a criminal history that dates back to when he was a

juvenile. As noted in the defendant's objections to the PSR, one of the defendant's juvenile convictions, from 20 years ago, was included in his criminal history categorization. PSR p.40. The defendant's criminal history is best characterized as a history of theft offenses, culminating in the serious offense of bank robbery, for which he was sentenced to 84 months of federal custody and remains on supervised release.

The defendant has a long, tragic history of being on the wrong side of the criminal justice system. PSR ¶ 57. Further, the defendant has several mental health diagnoses, PSR ¶ 87, and has completed anger management treatment. *See* PSR ¶¶ 80, 82, 85. His recurring frustrations, however, suggest he would benefit from further support and guidance of his probation officer. PSR ¶¶ 90-91. The root of the defendant's criminal history appears to come from his struggles with substance abuse, *see* PSR ¶ 93, for which the defendant is currently receiving treatment. *See* PSR ¶ 101. The sentence recommended by the government would allow his mental health and substance treatment to continue uninterrupted.

**Specific and General Deterrence**

The defendant must understand that his criminal conduct of escape, is a separate and distinct crime from the bank robbery he committed, and also distinct from any form of supervised release violation. The government asserts that its recommended sentence is an appropriate and proportional sentence which will communicate to the defendant that there are real consequences to committing the crime which he now stands convicted of. Namely, that he will have further restrictions placed on his liberty, in the form of home confinement, and that his criminal history now reflects a conviction for escape.

**Conclusion**

For the above reasons, the government recommends one year of probation, the first eight months to be served on home detention, followed by three years of supervised release, and a $100 special assessment.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: */s/ Philip C. Cheng*
Philip C. Cheng
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Philip C. Cheng*
Philip C. Cheng
Assistant U.S. Attorney

Date: June 17, 2019